UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ANTONIO DIESTRA
ELEORREIAGA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX, *et al.*,

Respondents.

Case No.  1:26-cv-0680-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner, a noncitizen, was arrested and re-detained by ICE.  He petitions for a writ of habeas corpus under 28 U.S.C. § 2241 granting immediate release.  For the reasons outlined below, I recommend that the petition be denied.

**Background**

Petitioner filed his petition on January 26, 2026.  ECF No. 1.  He alleges that he was ordered removed to Peru in 2022, but that since his detainment on November 22, 2025, DHS has been unable to obtain travel documents.[1]  *Id.* at 2.  Petitioner further alleges that he is married to an America citizen and that at the time of his detention he was in the process of submitting a

_____

[1] A review of respondents' EADM detention details for petitioner, attached to their motion to dismiss, shows that petitioner was detained on May 5, 2022 by federal agents and was released on his own recognizance on May 8, 2022.  ECF No. 9-2 at 2.  It then shows that he was re-arrested on November 22, 2025, and transported to the Golden State Annex on November 29, 2025.  *Id.*  He was then transported to a staging facility the day before he was removed and ultimate removed February 8, 2026.  *Id.*

1

petition for an adjustment to permanent resident status. *Id.*

On January 29, 2026, I appointed petitioner counsel, ECF No. 6, who appeared on February 3, 2026, ECF No. 7. As ordered, petitioner filed a status report on February 10, 2026, where he indicated his intent to file an amended petition and a motion for preliminary injunction. ECF No. 8 at 2. Petitioner requested the following briefing schedule: petitioner's amended petition and motion for a preliminary injunction due February 24, 2026; respondents' response March 3, 2026; and petitioner's reply due seven days from respondents' filing. *Id.*

On February 21, 2026, respondents filed a motion to dismiss, arguing that the petition was now moot since petitioner had been removed to Peru. ECF No. 9. Petitioner filed a status report on February 24, 2026, stating that counsel has no intent to submit any additional filings in this case. ECF No. 10.

**Discussion**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477).

Petitioner challenges his prolonged immigration detention. ECF No. 1. Respondents argue that the petition is now moot because petitioner has been removed and the detention has ended. ECF No. 9. On January 23, 2026, an immigration judge issued a removal order, ECF No. 9-1 at 1-4, and petitioner was removed to Peru on February 8, 2026, ECF No. 9-2 at 1-2. Since petitioner is no longer in ICE custody, the petition is moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when the petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Accordingly, I recommend that petitioner's writ of habeas corpus be denied and respondents' motion to dismiss be granted.

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2.  Respondents' motion to dismiss, ECF No. 9, be GRANTED.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 5, 2026                           _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3